WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott McIntyre, | No. CV-24-08151-PCT-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Board of Regents (ABOR); Arizona State University (ASU), Carla Harcleroad, Executive Director, ASU at Lake Havasu; Sukhwant Jhaj, Dean of University College; Michael Crow, President of ASU; Nancy Gonzales, Provost; Erin Ellison, Director, Office of Equity and Inclusion; Samantha Blevins, ABOR Counsel; | |
| Defendants. | |

Plaintiff Scott McIntyre, proceeding pro se, brings an employment discrimination complaint. Doc. 1. Defendants Arizona Board of Regents ("ABOR"), Arizona State University ("ASU"), Carla Harcleroad, Sukhwant Jhaj, Michel Crow, and Nancy Gonzales have filed a partial motion to dismiss under Rule 12(b)(6).[1] Doc. 21. The motion is fully briefed and no party requests oral argument.[2]

---

[1] Defendants Erin Ellison and Samantha Blevins have not been served with process. *See* Doc. 17. Defendants' motion states that Plaintiff has agreed not to pursue a claim against them (Doc. 21 at 3), and Plaintiff does not dispute this assertion in his response (Doc. 22). Because ASU is a non-jural entity, the parties also stipulate that the Title VII claims are asserted only against ABOR. Docs. 20, 23. They further stipulate that Plaintiff is no longer seeking relief under Executive Order 11246, 45 C.F.R. § 50, or the Belmont Report as suggested in his complaint. Docs. 20, 23.

[2] Plaintiff filed two responses, the second of which attached an exhibit related to the ADA. Docs. 22, 26. The Court addresses Plaintiff's arguments in his first response, but has also reviewed the later-filed ADA exhibit.

Plaintiff's complaint contains a list of statutes, regulations, and executive orders as well as a timeline of alleged events. He does not set forth his claims in separately numbered paragraphs limited to a single set of circumstances or assert separate counts for each claim based on a separate transaction or occurrence, as required. *See* Fed. R. Civ. P. 10(b). In deciding Defendants' motion, the Court has construed Plaintiff's allegations liberally. As explained below, the Court will grant the motion.

**I.     Background.**

The complaint contains the following factual allegations. Plaintiff is a former faculty member at ASU. Doc. 1 at 2-3. In 2020, ASU implemented a policy requiring mandatory COVID testing and health reporting for students and staff. *Id*. In early January 2021, Plaintiff told his supervisor and other university officials that he thought the policy was unethical and potentially illegal. *Id*. at 3. He requested a religious exemption from the policy on January 22, 2021, which was denied on January 27, 2021. *Id*. Plaintiff made a request for religious exemption from ASU's COVID vaccination requirement on October 21, 2021. *Id*. The request was denied on November 5, 2021. *Id*. Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") Pre-Charge Inquiry regarding this denial the same day. *Id*. at 4.

In May 2023, ASU notified Plaintiff that his contract would not be renewed. *Id*. at 5. He filed a Charge with the EEOC on August 2, 2023, alleging that ASU discriminated against him on the basis of his religion and retaliated against him for opposing the university's COVID policies. Doc. 21-2 at 2-3. Plaintiff's employment was terminated on May 15, 2024. Doc. 1 at 6. He received a Notice of Right to Sue from the EEOC on June 10, 2024 and filed this lawsuit on July 29, 2024. *Id*. at 1, 6.

**II.    Rule 12(b)(6) Standard.**

Dismissal for failure to state a claim under Rule 12(b)(6) is appropriate when the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains

"sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The Court treats all allegations of material fact in the complaint as true and construes them in the light most favorable to Plaintiff.  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

**III.   Title VII Claim.**

Plaintiff's complaint and EEOC Charge indicate that his Title VII claim is based on religious discrimination and retaliation.  Docs. 1 at 2, 21-2 at 2.[3]  Defendants argue that Plaintiff's discrimination and retaliation claims are time-barred because they were brought more than 300 days after the allegedly adverse actions, with the exception of the non-renewal of Plaintiff's contract.  Doc. 21 at 5-6.

**A.   Religious Discrimination.**

"A charge under [Title VII] shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred[.]"  42 U.S.C. § 2000e-5(e)(1).  Plaintiff's EEOC Charge was filed on August 2, 2023.  Doc. 21-2 at 2.  As a result, claims arising out of acts that occurred before October 6, 2022 (300 days before the EEOC Charge) are time-barred.  42 U.S.C. § 2000e-5(e)(1); *see Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) ("Each discrete discriminatory act starts a new clock for filing charges alleging that act.  The charge, therefore, must be filed within the . . . 300-day time period after the discrete discriminatory act occurred."); *Lyons v. England*, 307 F.3d 1092, 1108 (9th Cir. 2002) ("We hold that appellants' pre-limitations period claims, based on the alleged discriminatory assignment of details, are time-barred for the reasons set forth by the Supreme Court in *Morgan*.").  Thus, Plaintiff's discrimination claims regarding the denial of religious exemption from the university's

---

[3] Plaintiff does not identify his religion in documents submitted to the Court or in his EEOC Charge.  Doc. 21-2.

- 3 -

testing and health reporting policy on January 27, 2021, and the denial of religious exemption from the university's vaccination policy on January 8, 2022, are time-barred.

### B. Retaliation.

Title VII also "precludes recovery for discrete acts of . . . retaliation that occur outside the statutory time period." *Morgan*, 536 U.S. at 105. Retaliation claims arising out of acts that occurred before October 6, 2022 are therefore also time-barred. *See id.*; *Manatt v. Bank of Am.*, 339 F.3d 792, 800 (9th Cir. 2003) ("Because Manatt did not file the state complaint within 300 days of the transfer, her retaliation claim is untimely under Title VII.") (citing 42 U.S.C. § 2000e-5(e)(1)).[4]

## IV. ADA Claim.

Plaintiff alleges violation of Subchapter IV of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203, specifically, the anti-retaliation provision. Doc. 1 at 1. Plaintiff admits that he is not disabled, but claims that he "'aided or encouraged . . . other individual[s]' to exercise rights under the ADA" when he questioned the university's policies regarding COVID testing and vaccination and communicated with employees and students about seeking accommodations under the ADA. Doc. 22 at 4-5. Even if this conduct would be protected by the ADA, however, the statute's anti-retaliation provision is subject to the same exhaustion requirement as Plaintiff's Title VII claim. *See* 42 U.S.C. § 12203(c); 42 U.S.C. § 12117(a). Plaintiff did not include any ADA claim in his EEOC Charge. The pre-printed Charge's box for "DISABILITY" discrimination is not checked (while the boxes for religious discrimination and retaliation are checked), and the Charge's explanation of Plaintiff's claim says nothing about disability and makes no reference to the

---

[4] Plaintiff asserts that there are other timely adverse actions, including negative performance evaluations and reductions in merit pay. Doc. 22 at 3-4. Defendants contend that the only actionable adverse action after October 6, 2022 is the nonrenewal of Plaintiff's contract in May 2023. Doc 21 at 7. Some of Defendants' arguments require a close look at factual issues, such as the content of Plaintiff's 2023 performance evaluation and surrounding circumstances. *See* Doc. 27 at 3. Such close factual inquiries are not appropriate at the motion to dismiss stage, where the Court's decision must be based on facts alleged in the complaint.

- 4 -

ADA. *See* Doc. 21-2 at 2-3.  Plaintiff therefore did not administratively exhaust the ADA claim before bringing suit and the claim must be dismissed.[5]

**V.     RFRA Claim.**

Plaintiff lists the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb, as a basis for his suit.  Doc. 1 at 1.  RFRA prevents government entities and actors from "substantially burden[ing] religious exercise without compelling justification." 42 U.S.C. § 2000bb(a)(3).  Defendants correctly note, however, that RFRA applies only to the federal government.  *City of Boerne v. Flores*, 521 U.S. 507, 533-36 (1997) (holding that RFRA is unconstitutional as applied to state and local government action).  Defendants are state entities and actors who are not subject to suit under RFRA.

To the extent Plaintiff implies that Arizona's enactment of state legislation in support of RFRA means the Court may apply RFRA in this case, the Court does not agree. Doc. 22 at 5.  The state statute Plaintiff cites, A.R.S. § 41-1493.01(D), creates a separate right of action for state or local government violations of an individual's freedom of religion.  It does not permit state and local governments to be sued under RFRA.

Plaintiff suggests that he wishes to amend his complaint to allege a violation of A.R.S. § 41-1493.01.  Doc. 22 at 5.  "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  Defendants contend that any such amendment would be futile because Arizona law requires a plaintiff seeking damages to serve a notice of claim on the public entity or person against whom the cause of action will be brought within 180 days of when the cause of action accrues.  *See* A.R.S. § 12-821.01.  But Plaintiff does not make a formal motion to

---

[5] The Court can consider Plaintiff's EEOC Charge in ruling on this motion to dismiss because Plaintiff specifically refers to it in his complaint as setting forth the basis of his claim and does not dispute the authenticity of the copy of the Charge attached to Defendants' motion to dismiss.  Docs. 1 at 2; 22 n.1; *see also* 1 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 12 at 354-55 (2023) ("[T]he court may consider documents not attached to the complaint if the complaint specifically refers to them, they are central to the claim, and their authenticity is not in dispute.").  As noted, the EEOC Charge does not assert an ADA violation. The Charge does refer to an "accommodation" – a word frequently used in ADA claims – but makes clear that this is a "religious accommodation" Plaintiff was denied.  *See* Doc. 21-2 at 2-3.

amend, and Defendants' assertion that he did not serve a notice on any Defendant is a factual matter outside the pleadings that the Court cannot consider on this motion to dismiss. The Court therefore will not bar Plaintiff from filing a motion to amend his complaint.[6]

**IT IS ORDERED:**

1. Defendants' motion to dismiss (Doc. 21) is **granted**. Plaintiff's untimely Title VII discrimination claims are dismissed, as are his ADA and RFRA claims. The timely Title VII claims against ABOR remain. Because the Court approved the parties' stipulation that Plaintiff's Title VII claims are asserted only against ABOR (Docs. 20, 23), the other Defendants who brought the motion (ASU, Carla Harcleroad, Sukhwant Jhaj, Michael Crow, and Nancy Gonzales) are dismissed from this case. The claims against Erin Ellison and Samantha Blevins are also dismissed in light of Plaintiff's failure to serve them.

2. The Court will set a Rule 16 Case Management Conference by separate order. Plaintiff's pending motion for summary judgment (Doc. 9) will be discussed at the conference. *See* Doc. 11.

3. Plaintiff's motion to amend the complaint, if he elects to file one, should be filed within 20 days of this order. Plaintiff must comply with Federal Rule of Civil Procedure 15 and Local Rule of Civil Procedure 15.1, which can be found on the Court's website.

Dated this 22nd day of January, 2025.

David G. Campbell
Senior United States District Judge

---

[6] Plaintiff's response to the motion to dismiss states in a footnote that Plaintiff has been locked out of his ASU computer for some time, the computer contains information relevant to this case, and Defendants have refused to grant him access despite multiple requests. Doc. 22 at 3 n.2. Plaintiff asks the Court to consider this an act of spoliation. *Id.* Plaintiff can request information stored on his computer during discovery. *See* Fed. R. Civ. P. 34. Spoliation sanctions related to electronically stored information are governed by Rule 37(e). Plaintiff does not address this standard and his request is denied. Plaintiff should seek to obtain the information in discovery before seeking sanctions.