**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott McIntyre,                       Plaintiff, v. Arizona Board of Regents (ABOR)                       Defendants. | No. CV-24-08151-PCT-DGC  **ORDER** |

On January 22, 2025, the Court issued an order granting Defendants' partial motion to dismiss.  Doc. 28.  Plaintiff has filed a motion for reconsideration of the Court's ruling. Doc. 30.  The Court will deny the motion.

Motions for reconsideration are disfavored and should be granted only in rare circumstances.  *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008).  A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009).  Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross*, 2008 WL 1776502, at *2.  Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis.  *Id*.; *see N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Plaintiff asks the Court to reconsider its order dismissing as time barred his Title VII religious discrimination claims regarding the denial of religious exemption from the university's testing and health reporting policy on January 27, 2021, and the denial of religious exemption from the university's vaccination policy on January 8, 2022.  Doc. 30. But discrete acts of religious discrimination that are time-barred are not made actionable by other related acts for which a timely charge has been filed.  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 102 (2002).

As the Supreme Court has explained, however:

> The existence of past acts and the employee's prior knowledge of their occurrence . . . does not bar employees from filing charges about related discrete acts so long as the acts are independently discriminatory and charges addressing those acts are themselves timely filed. Nor does the statute bar an employee from using the prior acts as background evidence to support a timely claim.

*Id.*  As the Court noted in its order, the parties disagree over what other adverse actions are timely and remain in the case.  Doc. 28 at 4 n.4.  "Such close factual inquiries are not appropriate at the motion to dismiss stage, where the Court's decision must be based on facts alleged in the complaint."  Doc. 28 at 4 n.4.  The parties may engage in more detailed arguments about what claims are timely in their summary judgment briefing.

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 30) is **denied**.

Dated this 24th day of January, 2025.

David G. Campbell
Senior United States District Judge