**WO**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

Scott McIntyre,

Plaintiff,

v.

Arizona Board of Regents, et al.,

Defendants.

No.  CV-24-08151-PCT-DGC

**ORDER**

Plaintiff Scott McIntyre, proceeding pro se, asserts employment discrimination and retaliation claims against Defendants.  Doc. 1.  Plaintiff and Defendant Arizona Board of Regents ("ABOR") have filed motions for summary judgment.  Docs. 70, 74.  The motions are fully briefed and no party requests oral argument.  For reasons stated below, the Court will deny the motions.

**I.    Background.**

Plaintiff is a former faculty member at Arizona State University ("ASU").  In 2020, ASU implemented a policy requiring mandatory COVID testing and health reporting for students and staff.  Plaintiff alleges that in January 2021, he told his supervisor and other university officials that he thought the policy was unethical and potentially illegal.  He requested a religious exemption, which was denied.  In October 2021, Plaintiff requested a religious exemption from ASU's COVID vaccine mandate, which was not granted.  *See* Doc. 1 at 2-4.

1

Plaintiff received a negative performance evaluation in April 2023, which covered the 2022 academic year.  In May 2023, ASU notified Plaintiff that his contract would not be renewed for the 2024 academic year.  *Id.* at 5.

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") in August 2023, alleging that ASU discriminated against him because of his religion and retaliated against him for requesting religious accommodations.  He received a notice of right to sue from the EEOC in June 2024.  *See id.* at 5-6.

Plaintiff brought this action alleging religious discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act ("ADA"), and the Religious Freedom Restoration Act ("RFRA").  *Id.* at 1.  Plaintiff asserted the claims against Defendants ABOR, ASU, President Michael Crow, Provost Nancy Gonzalez, Executive Director Carla Harcleroad, Dean Sukhwant Jhaj, former Director Erin Ellison, and ABOR counsel Samantha Blevins.  *Id.*

ABOR, ASU, Harcleroad, Jhaj, Crow, and Gonzales filed a partial motion to dismiss.  Doc. 21.  The Court granted the motion and dismissed Plaintiff's ADA and RFRA claims.  Doc. 28 at 4-6.  The Court also dismissed Plaintiff's untimely Title VII claims regarding the denial of religious accommodations from ASU's COVID policies in January and October 2021.  *Id.* at 3-4.  Because the Title VII claims are asserted only against ABOR, the Court dismissed ASU, Harcleroad, Jhaj, Crow, and Gonzales from the case.  *Id.* at 6.  The claims against Ellison and Blevins were dismissed because Plaintiff failed to serve them.  *Id.*; *see* Docs. 17, 21 at 3.  The remaining claims are Plaintiff's Title VII religious discrimination and retaliation claims against ABOR based on the nonrenewal of his contract in May 2023 and other potential adverse employment actions taken after October 6, 2022.  Doc. 28 at 4 n.4.[1]

---

[1] The parties stipulated that the Title VII claims are asserted only against ABOR because ASU is a non-jural entity.  Docs. 20, 23.  They further stipulated that Plaintiff no longer seeks relief under Executive Order 11246, 21 C.F.R. § 50, 45 C.F.R. § 50, or the Belmont Report mentioned in his complaint.  Docs. 20, 23; *see* Doc. 1 at 1.

**II.     Title VII Religious Discrimination and Retaliation Claims.**

Title VII makes it an unlawful employment practice for an employer to discriminate against an employee because of his religion.  42 U.S.C. § 2000e-2(a).  Title VII also makes it unlawful for an employer to retaliate against an employee because the employee opposed an unlawful employment practice.  *Id.* § 2000e-3(a).

Under the applicable burden-shifting framework, the plaintiff has the initial burden of establishing a prima facie case.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  The plaintiff meets this burden on a disparate treatment claim by showing: (1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination.  *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004).[2]  For a retaliation claim, the plaintiff must show (1) he engaged in a protected activity; (2) his employer subjected him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action.  *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000).

If the plaintiff makes a prima facie showing of discrimination or retaliation, "the burden shifts to the [d]efendant to offer a legitimate (non-discriminatory, non-retaliatory) reason for the adverse employment action."  *Johnson v. City of San Diego*, No. 3:17-CV-00410-L-NLS, 2018 WL 3817979, at *4 (S.D. Cal. Aug. 10, 2018) (citing *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 849 (9th Cir. 2004)).  If the employer satisfies this burden, then the burden shifts back to the plaintiff to show that the defendant's proffered reason was a mere pretext for unlawful discrimination or retaliation.  *Ray*, 217 F.3d at 1240;

---

[2] "A claim for religious discrimination under Title VII can be asserted under several different theories, including disparate treatment and failure to accommodate."  *Guthrey v. Cal. Dep't of Corr. & Rehab.*, No. 1:10-CV-02177-AWI, 2012 WL 2499938, at *5 (E.D. Cal. June 27, 2012) (citing *Peterson*, 358 F.3d at 603).  As noted, the Court has dismissed Plaintiff's Title VII claims regarding the denial of religious accommodations from ASU's COVID policies.  Doc. 28 at 3-4.

3

*Bergene v. Salt River Project Agr. Imp. & Power Dist.*, 272 F.3d 1136, 1141 (9th Cir. 2001).

**III.    Summary Judgment Standard.**

Plaintiff and ABOR each move for summary judgment on Plaintiff's Title VII claims for religious discrimination and retaliation.  Docs. 70, 74.  Summary judgment is appropriate if the moving party shows there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Summary judgment is also appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party "bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  *Id.*  Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The Court must view the evidence in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), and draw justifiable inferences in that party's favor, *Anderson*, 477 U.S. at 255.

**IV.    Plaintiff's Motion.**

**A.    Plaintiff Failed to Comply with Local Rule of Civil Procedure 56.1.**

Plaintiff's motion does not comply with the Court's Local Rule of Civil Procedure governing summary judgment motions.  Local Rule 56.1 provides:

> Any party filing a motion for summary judgment must file a statement, separate from the motion and memorandum of law, setting forth each material fact on which the party relies in support of the motion. . . .  Each material fact in the separate statement must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the fact finds support (for example, affidavit, deposition,

> discovery response, etc.).  A failure to submit a separate statement of facts in this form may constitute grounds for the denial of the motion.

LRCiv. 56.1(a).  At the status conference on October 3, 2025, Defendant's counsel sought to suspend the requirement of a separate statement of facts.  The Court denied the request and instructed counsel and Plaintiff that all requirements of Local Rule 56.1 are to be followed.  *See* Docs. 69, 80 at 6.  Plaintiff has filed no statement of facts separate from his motion, and many of the facts asserted in his motion lack evidentiary support or cite to the wrong document.

Plaintiff's motion contains a background section with no citations to the record (Doc. 70 at 2-6), a legal basis section (*id.* at 6-7), a statement of facts section (*id.* at 7-18), and a summary that appears to be Plaintiff's memorandum of law (*id.* at 18-20).  Local Rule 56.1 also provides that the memorandum of law in support of a motion for summary judgment "must include citations to the specific paragraph in the statement of facts that supports assertions made in the memoranda regarding any material fact on which the party relies[.]"  LRCiv 56.1(e).  Plaintiff's memorandum of law contains no citations to the statement of facts contained in his brief.  Doc. 70 at 18-20.

Plaintiff argues in his reply that the factual statement portion of his motion was intended to comply with LRCiv 56.1 – that he did not know the statement of facts had to be contained in a separate document.  Doc. 85 at 8-11.  But even if the Court accepts this assertion and overlooks Plaintiff's failure to provide a separate document containing his statement of facts, his statement is still deficient.  The statement of facts section of his motion cites various documents by Bates number, but the documents actually attached to Plaintiff's brief – spanning more than 400 pages – are not identified by exhibit number or organized so they can be found easily.  *See* Docs. 70-1 to 70-60.  And it appears many documents cited by Plaintiff are not found in his attached fact documents, such as DF000184, DF001196, DF001182, DF000238, DF000329, and DF000661, to name a few.  This Circuit has made clear that a district court "need not examine the entire file for evidence establishing [the absence of] a genuine issue of fact, where the evidence is not set

forth in the [moving] papers with adequate references so that it could conveniently be found." *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *see also Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (explaining that the district court has no responsibility on summary judgment to "scour the record in search of a genuine issue of triable fact").

The Court will deny Plaintiff's motion for failure to provide a statement of facts that aids the Court in ruling on his motion. *See Brummer v. Ryan*, No. CV-18-01146-PHX-DGC (JZB), 2020 WL 888289, at *5 (D. Ariz. Feb. 24, 2020) (denying pro se plaintiff's motion where he failed to file a separate statement of facts that refers to the specific admissible portion of the record where the facts find support); *see also Hinton v. Cnty. of Cochise*, No. CV-23-00482-TUC-JAS (MSA), 2024 WL 2132470, at *3 (D. Ariz. May 13, 2024) ("Most of [Plaintiffs'] statements of fact are not supported with references to specific admissible portions of the record, and their memorandum of law does not contain 'citations to the specific paragraph in the statement of facts that supports assertions made in the memoranda.' LRCiv 56.1(e). As a result, the Court will strike Plaintiffs' Motion."); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (holding that the district court did not err in dismissing a pro se plaintiff's civil rights complaint for failing to comply with a local rule).[3]

**B.    Plaintiff Has Not Shown that He Is Entitled to Summary Judgment.**

Even if the Court overlooks Plaintiff's failure to provided a helpful statement of facts, his motion is not well taken. The summary judgment standard operates differently depending on whether the moving or non-moving party has the burden of proof at trial.

---

[3] The Court recognizes that Plaintiff is proceeding pro se and made an effort to comply with Local Rule 56.1. *See* Doc. 85 at 8-9. But pro se litigants still must follow the rules and should not be treated more favorably than parties represented by counsel. *Harris v. Ariz. Bd. of Regents*, No. CV16-4029 PHX DGC, 2017 WL 10635896, at *2 (D. Ariz. Mar. 13, 2017); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record.").

*See Celotex*, 477 U.S. at 322-23. When the movant – Plaintiff in this case – bears the burden of proof on a claim at trial, "the movant 'must establish beyond controversy every essential element' of the claim based on the undisputed material facts." *Navajo Health Foundation-Sage Mem'l Hosp. Inc. v. Razaghi Dev. Co.*, 800 F. Supp. 3d 955, 963 (D. Ariz. 2025) (quoting *S. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003)); *see Est. of Taschek v. Fid. Life Ass'n*, 740 F. Supp. 3d 1072, 1083 (D. Nev. 2024) ("When the party moving for summary judgment would bear the burden of proof at trial (typically the plaintiff), he must come forward with evidence that would entitle him to a directed verdict if the evidence went uncontroverted at trial." (citation modified)); *Hester v. Baca*, No. CV 10-7854-JVS E, 2012 WL 2891084, at *4 (C.D. Cal. June 1, 2012) ("[B]ecause Plaintiff bears the burden of proof at trial, to obtain summary judgment on his motion Plaintiff must produce evidence sufficient for the Court to hold that no reasonable trier of fact could find other than for Plaintiff."). If the movant fails to make this convincing showing, "summary judgment is inappropriate, even if the non-moving party has not introduced contradictory evidence in response. Thus, it is generally a 'heavy burden' for a plaintiff to seek summary judgment." *Navajo Health*, 800 F. Supp. 3d at 963 (quoting *Barnes v. Sea Hawaii Rafting, LLC*, 889 F.3d 517, 538 (9th Cir. 2018)).

Plaintiff contends that he has established a prima facie case of discrimination and retaliation. Docs. 70 at 1, 18; 85 at 11. But he must show more than a prima facie case to obtain summary judgment. *See Tex. Dep't of Cmty. Affairs. v. Burdine*, 450 U.S. 248, 253 (1981); *Gessele v. Jack in the Box Inc.*, 174 F.4th 1108, 1123 (9th Cir. 2026); *Isiramen v. Yuma Reg'l Med. Ctr.*, No. CV-19-04838-PHX-DJH, 2021 WL 9879380, at *6 (D. Ariz. Aug. 12, 2021). "[P]laintiff must set forth evidence establishing beyond controversy the required elements of his claims." *Claiborne v. Blauser*, No. 2:10-CV-02427 LKK, 2012 WL 6005717, at *4 (E.D. Cal. Nov. 30, 2012). Plaintiff presents no such conclusive evidence, and ABOR genuinely disputes many of the material facts on which he relies. *See* Docs. 70 at 7-18, 81 at 2-10.

Because Plaintiff has not met his heavy burden of showing that he is entitled to summary judgment on his discrimination and retaliation claims, the Court will deny his motion. *See Navajo Health*, 800 F. Supp. 3d at 963; *Stetter v. Blackpool, LLC*, No. CV-09-1071-PHX-DGC, 2011 WL 4089444, at *1 (D. Ariz. Sept. 14, 2011) (denying summary judgment where the plaintiff "presented no evidence 'affirmatively demonstrating that no reasonable trier of fact could find other than for him'" (quoting *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007))).

## V.    ABOR's Motion.

### A.    Religious Discrimination Claim.

ABOR argues that Plaintiff's religious discrimination claim fails because he is not a member of a protected class, there is no evidence that supports an inference of discrimination, and there is no evidence that the stated reasons for the adverse employment actions were a pretext for religious discrimination.  Doc. 74 at 10-15.[4]

#### 1.    Member of a Protected Class.

Title VII makes it unlawful for an employer to discriminate against any individual "because of such individual's . . . religion[.]" 42 U.S.C. § 2000e-2(a).  "The term 'religion' includes all aspects of religious observance and practice, as well as belief[.]" *Id.* § 2000e(j). "Therefore, a plaintiff is a member of a protected class if he holds a religious belief." *Hembd v. Roche*, No. CV 05-0735-PHX-DKD, 2006 WL 8440595, at *2 (D. Ariz. Mar. 31, 2006); *see also Damiano v. Grants Pass Sch. Dist. No. 7*, 140 F.4th 1117, 1155 (9th Cir. 2025) ("On the first element, the district court held that Plaintiffs are not members of a protected class because even 'assuming that being a Christian is a protected class, Plaintiffs do not cite to any Bible passage or scripture to support the views [they] expressed[.]'  This was legal error.  Discrimination on the basis of religious beliefs is discrimination on the basis of religion for purposes of Title VII.").

---

[4] For purposes of summary judgment, ABOR does not dispute that Plaintiff was qualified for his position and experienced an adverse employment action (the second and third elements of a prima facie case of discrimination).

8

ABOR contends that Plaintiff's opposition to ASU's COVID mandates was secular and none of his communications regarding the mandates was religious in nature.  Doc. 74 at 10.  The Court does not agree.

In January 2021, Plaintiff requested a religious exemption from ASU's COVID testing mandate.  *See* Docs. 1 at 3, 75-3 at 79.  Plaintiff indicated that the mandate goes against his conscience, which was informed by his "religious beliefs[.]"  Doc. 75-3 at 79.  In October 2021, Plaintiff completed a request for religious accommodation form in which he explained that his body is a gift from God and he would suffer spiritual harm if he were to disregard his deeply and long-held spiritual beliefs.  *Id.* at 81.  He further explained that, in addition to the unethical procedures used to develop and test the COVID vaccines, he would equate being forced to take the vaccines to sodomizing his body.  *Id.*  Plaintiff made clear that he used prayer and study to determine that he could not receive the vaccine.  *Id.*  He also quoted various Bibilcal scriptures, including: "Don't you realize your bodies are actually parts of Christ?"  *Id.* (citing 1 Corinthians 6:15).

In November 2021, Plaintiff and Ellison exchanged emails in which Plaintiff confirmed that he was prevented from receiving a COVID vaccine because of his "sincerely held religious beliefs."  *Id.* at 84.  Plaintiff clarified that his statement about ethics should not be interpreted as the reason for his accommodation request.  *Id.*  Ellison explained that ASU was not challenging Plaintiff's religious beliefs, but sought further clarification.  *Id.* at 83-84.  Ellison stated that while it was not necessary for Plaintiff to use particular language or to rely on religious texts, ASU needed sufficient information to assess whether his beliefs were religious in nature, which could include strongly held ethical or moral beliefs.  *Id.* at 83.[5]

Construing the evidence in the light most favorable to Plaintiff, as the Court must on ABOR's summary judgment motion, the Court concludes that there is a triable issue on

---

[5] Plaintiff disputes ABOR's assertion that he failed to provide necessary information ASU requested.  Docs. 75 ¶ 37, 78 ¶ 37.  His accommodation request was neither granted nor denied because the vaccination requirement eventually was dropped.  Doc. 75 ¶ 36.

whether Plaintiff's opposition to the COVID mandates was based, at least in part, on his religious beliefs. Congress defined "religion" to include "all aspects of religious observance and practice, as well as belief." 42 U.S.C. § 2000e(j); *see EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 772 (2015). Implementing that broad definition, the EEOC's regulations explain that "[i]n most cases, whether or not a practice or belief is religious is not at issue." 29 C.F.R. § 1605.1. But when the nature of belief is at issue, religious practices "include moral or ethical beliefs" that parallel traditional religious views. *Id.* (citing *United States v. Seeger*, 380 U.S. 163, 176 (1965); *Welsh v. United Sta*tes, 398 U.S. 333, 339 (1970)); *see also Damiano*, 140 F.4th at 1155-56 ("[I]n the context of Free Exercise claims, it is well-established that an individual may sincerely hold a religious belief that is not reflected in a biblical passage or scripture. . . . We see no basis for adopting a different rule in the Title VII context."); *Hobbie v. Unemployment Appeals Comm'n of Fla.*, 480 U.S. 136, 144 n.9 (1987) ("So long as one's faith is religiously based at the time it is asserted, it should not matter . . . whether that faith derived from revelation, study, up-bringing, gradual evolution, or some source that appears entirely incomprehensible." (quoting *Callahan v. Woods*, 658 F.2d 679, 687 (9th Cir. 1981))).

Here, Plaintiff's opposition to the COVID mandates was based on his asserted sincere beliefs that his body is a gift from God and complying with the mandates would result in spiritual harm. Doc. 75-3 at 81. The fact that Plaintiff also held strong ethical or moral beliefs about the mandates does not preclude a finding that his opposition was religious in nature. "Bona fide religious beliefs 'include moral or ethical beliefs as to what is right and wrong which are sincerely held with the strength of traditional religious views.'" *Langford v. Bell Motors LLC*, No. CV-16-02930-PHX-DGC, 2018 WL 333437, at *3 (D. Ariz. Jan. 9, 2018) (quoting 29 C.F.R. § 1605.1).

ABOR notes that Plaintiff does not belong to any specific religious group and does not attend religious services. Doc. 74 at 10. But these are not requirements of a sincerely held religious belief. "Title VII protects more than the observance of [the] Sabbath or practices specifically mandated by an employee's religion: The very words of the statute

('*all aspects* of religious observance and practice') leave little room for such a limited interpretation." *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1438 (9th Cir. 1993) (citation modified); *see also* 29 C.F.R. § 1605.1 ("The fact that no religious group espouses such beliefs or the fact that the religious group to which the individual professes to belong may not accept such belief will not determine whether the belief is a religious belief of the employee.").

ABOR cites *Detwiler v. Mid-Columbia Medical Center*, 156 F.4th 886 (9th Cir. 2025), a case where the plaintiff believed the COVID testing swab was harmful because it had been dipped in a carcinogen. *Detwiler*, 156 F.4th at 891. The Ninth Circuit concluded that this belief was "personal and secular, premised on [the plaintiff's] interpretation of medical research," and not "a case where a religious belief overlaps with a medical one." *Id.* at 895. The Court does not reach the same conclusion here. "At summary judgment, the degree of proof necessary to establish a prima facie case is 'minimal and does not even need to rise to the level of a preponderance of the evidence.'" *Damiano*, 140 F.4th at 1155 (quoting *Lyons v. England*, 307 F.3d 1092, 1112 (9th Cir. 2002)). Plaintiff has identified sufficient evidence that his opposition to ASU's COVID mandates was grounded in his sincerely held religious beliefs. *See* Doc. 75-3 at 81-84. The Court declines to accept ABOR's argument that Plaintiff has failed to make a prima facie showing that he is a member of a protected class.

### 2.    Evidence Supporting an Inference of Discrimination.

ABOR argues that Plaintiff cannot meet the fourth element of his prima facie case because there is no evidence showing that his religion had anything to do with the 2023 performance evaluation or the subsequent nonrenewal of his contract. Doc. 74 at 12-13. Specifically, ABOR contends that there is no evidence the decisionmakers – Harcleroad, Jhaj, and Crow – had any idea what religion Plaintiff practiced. *Id.* at 12 (citing Doc. 75 ¶¶ 48, 51, 54). Plaintiff disputes this contention and explains that he repeatedly voiced ethical concerns about the COVID mandates, which reasonably would be understood to include religious ethics. Doc. 78 at 34-37. Plaintiff cites evidence showing that Harcleroad

11

and Jhaj were aware of his request for an accommodation by January 2022. *Id.* at 38-39; Doc. 75-3 at 113-18. Plaintiff also notes that the decisionmakers clearly had knowledge of his request for a religious accommodation before the hearing on the nonrenewal in October 2023 and before a final decision was made in April 2024. Doc. 78 at 35-41.

As noted, the degree of proof necessary to establish a prima facie case is minimal. *See Damiano*, 140 F.4th at 1155. And summary judgment generally is not appropriate if a party's knowledge or state of mind is at issue. *See Braxton-Secret v. Robins Co.*, 769 F.2d 528, 531 (9th Cir. 1985) (reversing summary judgment and stating that "[q]uestions involving a person's state of mind . . . are generally factual issues inappropriate for resolution by summary judgment"); *Consol. Elec. Co. v. United States*, 355 F.2d 437, 438 (9th Cir. 1966) (reversing summary judgment and stating that "[w]hen an issue requires determination of state of mind, it is unusual that disposition may be made by summary judgment"); *E.E.O.C. v. Luby's Inc.*, No. CV 04-1094 PHX-DGC, 2005 WL 3560616, at *6 (D. Ariz. Dec. 29, 2005) ("Luby's argues that it had no obligation to accommodate Ms. Case's disability because it had no knowledge about her disability. As noted above, however, Luby's knowledge is a factual issue to be resolved by the jury."); *Milun v. Ariz. Bd. of Regents*, No. CV-07-1555-PHX-DGC, 2009 WL 890984, at *5 (D. Ariz. Apr. 2, 2009) ("Whether Dean Young was aware of Plaintiff's maternity leave when he recommended a terminal contract is a question for the jury.").

The Court cannot accept ABOR's argument that there is no evidence supporting an inference of discrimination.

### 3.    Evidence of Pretext.

As noted above, if the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *See McDonnell Douglas*, 411 U.S. at 802. If the defendant does so, the plaintiff must show that the articulated reason is a pretext for unlawful discrimination by "either directly persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is

12

unworthy of credence." *Aragon v. Republic Silver State Disposal Inc.*, 292 F.3d 654, 658-59 (9th Cir. 2002) (citation modified).

ABOR has met its burden of articulating a legitimate, nondiscriminatory reason for the adverse employment actions. ABOR states that Plaintiff received a negative performance evaluation and did not have his contract renewed because his syllabi and course content remained deficient despite several opportunities to rectify the issues, and his engagement in professional development and community service was deficient. Doc. 74 at 6-9, 13-14.

Plaintiff has presented evidence showing that Harcleroad, his sole evaluator, had antagonism toward him, making Harcleroad's testimony potentially biased and impeachable. Doc. 78 at 4, 43; *see* Docs. 70-2 at 6-7, 70-13 at 45. Plaintiff also presents evidence that, according to Harcleroad, his syllabi complied with ASU's guidelines, and that Harcleroad deviated in her evaluation of Plaintiff relative to other faculty members. Doc. 78 at 5, 10, 17-19, 40; *see* Docs. 70-13 at 32-33; 70-14 at 12-15; 70-17 – 70-19. Significantly, Plaintiff cites to the report from the Committee on Academic Freedom and Tenure ("CAFT"), which determined that the nonrenewal of Plaintiff's contract was unfair and resulted from an unduly scrupulous review of his syllabi. Doc. 78 at 9-10, 17. The CAFT report explains:

> CAFT determined that unfair or unequal application of University policy resulted in the non-renewal of Dr. McIntyre's multi-year contract. The non-renewal was allegedly based in part on critical reviews of Dr. McIntyre's course syllabi over time, and his supposed failure to correct the deficiencies in the syllabi of which he was advised. CAFT found that Dr. McIntyre's syllabi were subjected to a greater level of scrutiny than the syllabi of other Lake Havasu faculty. Whether or not the content of Dr. McIntyre's syllabi met appropriate standards, the review process applied to them was found by CAFT to have been unduly scrupulous under the circumstances in a manner creating unfairness as compared to the review applied to other Lake Havasu faculty. This created the appearance of unfairness and was found to have unjustly contributed to the non-renewal of Dr. McIntyre's multi-year appointment.

13

Doc. 70-14 at 3. CAFT recommended that Plaintiff's grievance be sustained, finding that the "non-renewal was based, in part, on a syllabi review that was inconsistent with the manner that other ASU Lake Havasu faculty were evaluated and occurred in a manner that created unfairness." *Id.* at 25-26. Plaintiff also presents evidence that no multi-year appointed faculty member was nonrenewed due to reduced service or professional activities during the COVID pandemic in 2020-2022. Docs. 70 at 12, 70-2 at 3-4.

Construing the evidence in the light most favorable to Plaintiff, the Court concludes that there is a triable issue as to whether ABOR's proffered reasons for the adverse actions are unworthy of credence. Because Plaintiff has presented sufficient evidence of pretext, the Court will deny ABOR's motion with respect to the religious discrimination claim.

**B.    Retaliation Claim.**

Plaintiff's retaliation claim survives summary judgment for the same reason. ABOR's proffered reasons for the adverse employment actions remain the same (Doc. 74 at 18), and, as described above, Plaintiff has presented evidence showing that the reasons are unworthy of credence. The Court will deny ABOR's motion for summary judgment on the retaliation claim.

**IT IS ORDERED:**

1.    Plaintiff's motion for summary judgment (Doc. 70) is **denied**.

2.    Defendant ABOR's motion for summary judgment (Doc. 74) is **denied**.

3.    The Court will schedule a telephone conference with the parties to set trial and final pretrial conference dates.

Dated this 8th day of July, 2026.

David G. Campbell
Senior United States District Judge

14